IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00095-CV

 

Mary Blanche Boegner, as Executrix 

of the Estate of Allan Patrick (A.P.) 

Boegner and as Trustee of the Betty 

Blanche Boegner Revocable Trust,

                                                                                    Appellant

 v.

 

Christopher C. Kirk, Sheriff Brazos 

County, Texas and Revere Financial 

Corporation,

                                                                                    Appellees

 

 



From the County Court
at Law No. 2

Brazos County, Texas

Trial Court No. 10-002037-CV-CCL2

 



ORDER OF REFERRAL TO MEDIATION










 

        Appellant notes in her docketing
statement that this appeal should perhaps be referred to mediation.

            The Legislature has provided
for the resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (West 2005).  The
policy behind ADR is stated in the statute: “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. §
154.002 (West 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this appeal is
appropriate for mediation.  See id. § 154.021(a) (West 2005); 10th Tex. App. (Waco) Loc. R. 9.

            The parties are ordered to
confer and attempt to agree upon a mediator.  Within fourteen days after the
date of this Order, Appellant is ordered to file a notice with the Clerk of
this Court which either identifies the agreed-upon mediator or states that the
parties are unable to agree upon a mediator.  If the notice states that the
parties are unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within
thirty days after the date the above-referenced notice agreeing to a mediator
is filed or, if no mediator is agreed upon, within thirty days after the date
of the order assigning a mediator.

            No less than seven calendar
days before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be
present during the entire mediation process, and each corporate party must be
represented by a corporate employee, officer, or agent with authority to bind
the corporate party to settlement.

            Immediately after mediation,
the mediator must advise this Court, in writing, only that the case did or did
not settle and the amount of the mediator’s fee paid by each party.  The mediator’s
fees will be taxed as costs.  Unless the mediator agrees to mediate without
fee, the mediator must negotiate a reasonable fee with the parties, and the
parties must each pay one-half of the agreed-upon fee directly to the mediator.

            Failure or refusal to attend
the mediation as scheduled may result in the imposition of sanctions, as
permitted by law.  

            Any objection to this Order
must be filed with this Court and served upon all parties within ten days after
the date of this Order, or it is waived. 

            We refer this appeal to
mediation.  

            The appeal and all appellate
deadlines are suspended as of the date of this Order.  The suspension of the
appeal is automatically lifted when the mediator’s report to the Court is
received.  If the matter is not resolved at mediation, any deadline that began
to run and had not expired by the date of this Order will begin anew as of the
date the mediator’s report to the Court is received.  Any document filed by a
party after the date of this Order and prior to the filing of the mediator’s
report will be deemed filed on the same day, but after, the mediator’s report
is received.

 

PER
CURIAM

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
referred to mediation

Order
issued and filed May 4, 2011






e: 12pt">      •    That Jackie Sampson had left over three pounds of cocaine in the trunk of a car
behind Gene Sterling's house.
      •    That the surveillance team had witnessed Sampson's return late that night in a
car driven by Torres.
      •    That Sampson left the car and went directly to where she had stored the cocaine
and found it to be missing.
      •    That Sampson had been arrested as she approached the rear of Sterling's house.
      •    That Torres was waiting in front of Sterling's house with the car motor running.
      •    That it was common for persons dealing in large quantities of cocaine to be
armed.
      •    That it was common for drug traffickers to wear pagers.
      These facts are similar to those in Johnson v. State, 722 S.W.2d 417 (Tex.Crim.App. 1986),
where a warrantless arrest was upheld on the authority of article l4.03. There, the court held that
few, if any, places are suspicious in and of themselves. Id. at 421. Rather, additional facts
available to an officer plus reasonable inferences from those facts in relation to a particular place
may arouse justifiable suspicion. Id. In Johnson, the suspicious place was the scene where a
murder had been committed. Here, the suspicious place was the area around where Jackie
Sampson had stored the cocaine. In Johnson the defendant returned to the murder scene at an
unusual time and identified the keys to the room where the murder had occurred as being his work
keys. Based on those facts, the police made a warrantless arrest of Johnson under authority of
article l4.03. Id.
      Here, Jackie Sampson returned to the scene in a car driven by Torres. After exiting the car,
the surveillance team saw her go directly to where she had earlier stored the cocaine. It is
interesting to note that she did not go to Sterling's house to inquire about how the repair of her
old car was progressing; instead, they observed her go directly to the trunk of the car where the
cocaine had been stored. Certainly, it would seem reasonable for the officers to infer from those
facts that the person who was waiting in the car with the motor running was indeed helping or
assisting her in regard to her concerns with the cocaine. Even if the officer had not found the
pager during the frisk of Torres, it would still have been reasonable for the officers to infer that
the person assisting her would necessarily be aware of the large amount of contraband involved. 
Considering that he was wearing a pager commonly found on drug traffickers, however,
strengthens their justifiable suspicion that he was a party to the offense involving the cocaine
stored in the old car. Certainly, the facts seem much stronger than those in Hamel v. State, 582
S.W.2d 424 (Tex.Crim.App. 1979), where the defendant's arrest was found to be proper under
article 14.03.
      We find that, when the officers arrested Torres, they had sufficient facts to arouse a justifiable
suspicion that Torres had either committed the offense of possession of cocaine, by aiding Jackie
Sampson as a party, or was about to commit such an offense. Knowing that a large amount of
cocaine was involved, the immediate handcuffing of Torres appears reasonable, not only for the
safety of the officers, but for Torres's safety, also. Because Jackie Sampson went directly to
where she had stashed the cocaine, her conduct was not as consistent with innocent activity as with
a criminal act. See Lunde v. State, 736 S.W.2d 665, 667 (Tex.Crim.App. 1987). We find it
reasonable under these circumstances for the officers to infer that the person waiting for her with
his car motor running was assisting her with regard to the cocaine. We find that the officers'
suspicions rose to the level of probable cause justifying the warrantless arrest under authority of
Article l4.03(a)(1). Johnson, 722 S.W.2d at 421.
      We adopt the other portions of our original opinion which addressed the other points of error. 
We affirm the judgment on guilt and remand the cause for another trial on punishment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed in part and reversed and remanded in part 
Opinion delivered and filed August 12, 1992
Publish